## F. A. MONROE v. G. W. REHFELD.[1]

January 14, 1916.

Nos. 19,536—(186).

**Verdict sustained by evidence.**

1. Plaintiff at defendant's request sold for him certain wheat and oats for actual future delivery out of the crop then being raised by defendant on his farm. Under the terms of his agreement with the defendant, plaintiff made certain advances to protect the trade, which was finally closed at a loss. Plaintiff brought this action to recover the amounts paid by him for the defendant for commissions and margins. Plaintiff had a verdict. *Held* that the evidence is sufficient to sustain the verdict.

**Admission of evidence.**

2. The admission of certain testimony in evidence, over the objection of the defendant, *held* not prejudicial error.

[1] Reported in 155 N. W. 1042.

Action in the district court for Traverse county to recover $2,140. The answer alleged that the pretended causes of action were void under the statute of frauds. The case was tried before Flaherty, J., and a jury which returned a verdict for $1,990 with interest. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*James B. Ormond* and *D. J. Leary,* for appellant.

*Murphy & Anderson,* for respondent.

SCHALLER, J.

Both plaintiff and defendant reside at Browns Valley, Minnesota. Plaintiff is engaged in the operation of a grain elevator at that place. Defendant is extensively engaged in farming operations. In the season of 1914, defendant cultivated more than 1,200 acres of wheat and more than 700 acres of oats. He generally marketed his grain at Peever, South Dakota, about nine miles from Browns Valley.

On the twenty-seventh of May, 1914, the parties met at plaintiff's office at Browns Valley, at which time, at defendant's request, and as his agent, plaintiff sold for the defendant 10,000 bushels of wheat at 87½ cents for delivery at Minneapolis, and 5,000 bushels of oats at 37⅜ cents for delivery at Chicago, both wheat and oats to be delivered during the month of September, 1914. The contract in each case was for the actual delivery of the grain out of the growing crop raised by defendant in 1914. Plaintiff agreed to take care of the trade and protect the same, and defendant agreed to reimburse the plaintiff for expenses and cash margins advanced by plaintiff in case that such advances were necessary.

On the twenty-fourth of July, 1914, plaintiff and defendant agreed that the deliveries should be changed from September to December. This arrangement was carried out by the plaintiff on the following day. At the date of this change the trade showed a profit to defendant of more than $400. On account of the European war, prices advanced very rapidly, so that about August 5, 1914, plaintiff was called upon to repay the commission firm $1,250, advanced by it to protect this trade, and was asked to advance about $2,000 more. He called on the defendant and explained the situation, asking him to sign a certain contract and note so that he could raise the money required. Defendant did not

sign the papers at that time, but assured plaintiff that he would come into town the next day and attend to the matter. He also instructed plaintiff to close out the deal, if it could be done without loss. This, however, could not be done. Defendant failed to come to town as agreed. On the eleventh of August, plaintiff again called on defendant at his farm, and again asked him to execute the contract and note, but the defendant declined to have anything more to do with it. Thereupon the plaintiff instructed the commission house to close the deal, which was done, showing a net loss of $1,950, plus $40 commissions, amounting in all to $1,990, which amount the plaintiff paid to the commission house.

Demand was made that the defendant pay this amount, and on his refusal this action was brought.

The case was tried to a jury which returned a verdict for the plaintiff for the sum of $1,990 with interest. Defendant moved for a new trial and appeals from the order denying the same.

Two assignments of error are urged in the briefs and presented on the oral argument: (1) That the evidence is not sufficient to sustain the verdict; (2) that the court erred in overruling defendant's objection to a question asked of the witness H. F. Salyards, a member of the commission firm through which the grain was sold.

1. It is earnestly contended that the evidence is not sufficient to support the verdict. A careful reading of the record leads us to the conclusion that, although the evidence is sharply conflicting, there is sufficient evidence in the record to sustain the verdict of the jury, which, having been approved by the trial court, will not be disturbed.

2. Error is assigned that during the examination of H. F. Salyards, an officer of the corporation which executed the sale orders, the following question was asked and answered over the objection of the defendant: "Q. You were advised during the transactions that the sale and the handling of this grain was for a farmer customer of Mr. Monroe's? A. Yes."

It appears from the record that certain exhibits, consisting of letters and telegrams between plaintiff and the commission firm, were introduced in evidence. These contained language tending to show that the witness was advised that this business was being done by plaintiff as

agent for some one else. The language of the exhibits themselves tended to show that the witness, during the transactions, was advised that the sale and handling of this grain was for a farmer customer of plaintiff. If it was error to allow him to answer this question, it was error without prejudice.

Order affirmed.　　　　　　　　　————————————